A. Franklin Mahoney, J.
On April 4,1972 the Superintendent of Banks, after an investigation made in accordance with the provisions of section 29 of the Banking Law, determined that the public convenience would be promoted by permitting the Amsterdam Savings Bank to open and occupy a branch office at No. 19 River Street, Village of Fort Plain, Montgomery County, New York. The Superintendent’s certificate states that ‘ ‘ all provisions of the Banking Law have been complied with and such application [by Amsterdam Savings Bank] has received the approval of the Superintendent of Banks and the Banking Board ’ ’.
Petitioners, by article 78 of the CPLR review, seek an order annulling that determination, upon the ground that they, as residents and customers of the various banking institutions of the area, are aggrieved in that the permitted expansion would encourage destructive competition among the various banking institutions which would be inimical to the interests of petitioners as depositors and customers of said institutions. In support of their aggrievement the petitioners do not particularize any transaction or involvement with tie expanded banking facility of Amsterdam Savings Bank in Fort Plain that would underscore their charge. In fact, there is no evidence in the moving papers or elsewhere that the Amsterdam Savings Bank has yet opened any facility in Fort Plain, its certificate of authorization permitting such an opening to be made up to April 4, 1973. In the absence of any specific instance of a banking transaction inimical to petitioners or others, it would appear that their chargé of aggrievement is premature and speculative and makes unnecessary a discussion of the issue of standing as that issue would affect an application of this kind (see Matter of Posner v. Rockefeller, 26 N Y 2d 970; Hidley v. Rockefeller, 28 N Y 2d 439; St. Clair v. Yonkers Raceway, 13 N Y 2d 72).
Finally, there has been an undeniable trend in this State liberalizing bank expansion. In this connection it should be noted that prior to January 1,1972 section 240 (subd. 2, par. [a]) of the Banking Law permitted savings bank expansion in the same county in which its principal office was located if the bank *621 was in a city having a population of more than 30,000 but less than 100,000. According to this criteria the Amsterdam Savings Bank, located in a city of less than 30,000, would have been proscribed from applying to the Superintendent for permission to open a branch office anywhere in Montgomery County. This section of the Banking Law, however, was amended by section 3 of chapter 380 of the Laws of 1971, effective January 1, 1972, so as to strike the minimal population requirement of subdivision 2 of section 240 of the Banking Law. That section now reads, ‘ ‘ A savings bank may open and occupy one or more branch offices in the- banking' district in which its principal office is located unless such principal office is located in the first or second banking district
In my view, the decision of the respondent Superintendent, discretionary in nature, was not arbitrary, capricious or unlawful
Respondents ’ motion to dismiss the petition is granted.